UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
OLIVINE ELECTRONICS PTE LTD.,

                Plaintiff,

   - against -

COMPANIA SUD AMERICANA DE VAPORES S.A.
a/k/a/ CSAV or CSAV S.A.

                Defendant.
------------------------------------------------------------X

07 CV _____

ECF CASE

JUDGE STEIN
07 CV 3149

RECEIVED APR 19 2007 U.S.D.C. S.D.N.Y. CASHIERS

## VERIFIED COMPLAINT

Plaintiff, OLIVINE ELECTRONICS PTE LTD.., (hereafter referred to as "Plaintiff"), by and through its attorneys, Tisdale & Lennon, LLC, as and for its Verified Complaint against the Defendant, COMPANIA SUD AMERICANA DE VAPORES S.A. a/k/a CSAV or CSAV S.A. (hereinafter "Defendant"), alleges, upon information and belief, as follows:

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333.

2. At all times material to this action, Plaintiff was, and still is, a foreign company duly organized and operating under foreign law and was at all material times the owner and shipper of a consignment of portable stereos and spare parts (the "goods") under two bills of lading number NOR 017828 and NOR018268 dated October 20, 2003 (the "bills of lading") for carriage on the M/V CSAV YOKOHAMA (the "Vessel") from Hong Kong, China to Buenos Aires, Argentina.

3. Upon information and belief, Defendant was, and still is, a foreign corporation, or other business entity, organized under, and existing by virtue of foreign law, with a principal

place of business at Plaza Sotomayor 50, Valparaiso, Regio, Chile 2360171, and was the issuer and carrier under the bills of lading described in paragraph 2, above.

4. The goods were loaded on board the Vessel at Hong Kong on October 20, 2003.

5. It was an express term of the bills of lading that the Defendant would deliver the goods to the consignee named in the bill of lading.

6. It was a further term, express and/or implied, of the bills of lading that the Defendant would only deliver the goods upon production of the original bills of lading.

7. The consignee named in the bills of lading was Seabrokers S.A. (the "Consignee").

8. On or about November 19, 2003, the Vessel arrived at Paranagua, Brazil.

9. On or about November 24, 2003, the goods were transshipped on the M/V LIBRO RIO.

10. On November 26, 2003 the LIBRO RIO arrived at Buenos Aires, Brazil, the discharge port named in the bill of lading.

11. In breach of the bill of lading contract, breach of duty as bailee, negligence in the loading, stowage, handling, custody, care, discharge and delivery of the Plaintiff's goods and carriage thereof on board the Vessel and/or for conversion, short delivery, misdelivery or non-delivery of the Plaintiff's said goods, the Defendant delivered the goods to a party who was not the consignee and/or who did not produce the bills of lading to the Defendant.

12. By reason of the mattes aforesaid, the Plaintiff has suffered loss and damage.

13. Plaintiff has commenced suit against the Defendant in the High Court of Justice, London, England, seeking damages, interest and costs totaling **$701,476.46**, as follows:

    A.    **$232,028.92** comprised of:

        i.    value of the goods;

        ii.    fees for legal documents;

        iii.    legal fees[1] in Brazil; and

        iv.    survey fees in Brazil.

    B.    **$165,245.44** comprised of:

        i.    legal fees to date in the High Court of Justice proceeding;

        ii.    costs of the High Court of Justice proceeding to date;

    C.    **$106,426.00** for interest on items (A) and (B), above, at 1% above U.S. prime rate, compounded quarterly from the date of the breach (November 28, 2003) to present;

    D.    **$197,776.10** for future estimated legal fees and costs of the proceeding before the High Court of Justice

14.    The Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendant has, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of garnishees within the District which are believed to be due and owing to the Defendant.

15.    The Plaintiff seeks an order from this court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims attaching, *inter alia*, any assets of the Defendant held by the aforesaid garnishee for the purpose of obtaining personal jurisdiction over the Defendant, and to secure the Plaintiff's claim as described above.

**WHEREFORE**, Plaintiff prays:

A. That process in due form of law issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Complaint, failing which default judgment be entered against it in the sum of **$701,476.46**;

B. That since the Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching all goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any other funds up to the amount of **$701,476.46** belonging to, due or being transferred to, from, or for the benefit of the Defendant, including but not limited to such property as may be held, received or transferred in Defendant's name or as may be held, received or transferred for its benefit at, moving through, or within the possession, custody or control of banking/financial institutions and/or other institutions or such other ganishees to be named, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

C. That this Court recognize and enforce any judgment rendered on Plaintiff's claims as a judgment of this Court;

D. That this Court retain jurisdiction over this matter through the entry of any judgment associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof;

---

[1] Under English law, legal fees and costs are recoverable by the prevailing party.

4

E. That this Court award Plaintiff the attorneys' fees and costs incurred in this action; and

F. That the Plaintiff has such other, further and different relief as the Court may deem just and proper.

Dated: April 19, 2007
       New York, NY

                       The Plaintiff,
                       OLIVINE ELECTRONICS PTE LTD.

By: _____
Patrick F. Lennon, Esq. (PL 2162)
TISDALE & LENNON, LLC
11 West 42nd Street, Suite 900
New York, NY 10036
(212) 354-0025 – phone
(212) 869-0067 – fax
plennon@tisdale-lennon.com

5

## ATTORNEY'S VERIFICATION

State of New York    )
                     )    ss.:    Manhattan
County of New York   )

1.  My name is Patrick F. Lennon.

2.  I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3.  I am an attorney in the firm of Tisdale & Lennon, LLC, attorneys for the Plaintiff.

4.  I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5.  The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

6.  The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

7.  I am authorized to make this Verification on behalf of the Plaintiff.

Dated:    April 19, 2007
          New York, NY

_____
Patrick F. Lennon