MAHONEY & KEANE, LLP
Attorneys for Defendant
COMPANIA SUD AMERICAN DE VAPORES S.A.
11 Hanover Square at
76 Beaver Street
New York, New York 10005
[T](212) 385-1422
[F](212) 385-1605
Email lawoffices@mahoneykeane.com
File No.: 42/3400/B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
OLIVINE ELECTRONICS PTE LTD.,                    07 CV 3149 (SHS)

                Plaintiff,
                                                 ANSWER WITH
                                                 <u>COUNTERCLAIM</u>
    -against-


COMPANIA SUD AMERICANA DE VAPORES S.A.
a/k/a CSAV or CSAV S.A.,
                Defendant.
------------------------------------X

    Defendant COMPANIA SUD AMERICANA DE VAPORES S.A. a/k/a CSAV or CSAV S.A. by its attorneys MAHONEY & KEANE, LLP, appears restrictively pursuant to Rule E(8) and answers the Verified Complaint of plaintiff upon information and belief as follows:

    FIRST:  Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs "1", "2", "4", "5", "6", "7", "8", "9". "10" and "13" of plaintiff's Verified Complaint.

    SECOND:  Defendant denies the allegations contained in

paragraphs "3", "11", "12", "14", and "15" of plaintiff's Verified Complaint.

AS AND FOR A FIRST SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

THIRD:   This action is time-barred in that it was not commenced within one year of the date when the goods should have been delivered as required by Clauses 18 and/or 19 of the subject contract of carriage.

AS AND FOR A SECOND SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

FOURTH:  This Honorable Court lacked jurisdiction to issue an *ex parte* Order of Attachment because the claim asserted by plaintiff has been asserted in the High Court of Justice in London where issued has been joined by defendant and is not, therefore, justifiable in this Court and no rule, statute or regulation permits this Court to order the detention of defendant's property in aid of that foreign preceding.

AS AND FOR A THIRD SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

FIFTH:   The Verified Complaint fails to state a claim against defendant on which relief can be granted.

AS AND FOR A FOURTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

SIXTH:  Defendant is not liable to plaintiff on the causes of action alleged in the Verified Complaint.

AS AND FOR A FIFTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

SEVENTH:  If there was any loss of and/or damage to cargo as alleged in the Verified Complaint, defendants are not liable to the plaintiffs by reasons of the provisions contained in the bill(s) of lading, contract of carriage, charter party, applicable tariffs, laws, such as those contained in the International Convention for the Unification of Certain Rules of law relating to bills of lading signed at Brussels on the 25th April 1924 and Amendments/Protocols to same, special contract, or dock receipt.

AS AND FOR A SIXTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

EIGHTH:  The funds attached by Order of this Court were funds in the hands of an intermediary bank (HSBC) and were not, therefore, the property of defendant in accordance with the law of the state of New York upon information and belief.

AS AND FOR A SEVENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

NINTH:  Any loss or damage to the goods, as alleged in the Verified Complaint, that may have occurred while they were in the possession of custody of defendants or on board the carrying vessel(s) arose from the conditions of the goods when delivered to

defendants, or from inherent defect, quality or vice of the goods, insufficient packing, insufficiency or inadequacy of marks, latent defects not discoverable by due diligence, or by acts or omissions of the shipper(s) or owner of the goods, their agents or representatives, and defendants are not liable for any such loss or damage.

### AS AND FOR A EIGHTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

TENTH:    (A) Due diligence was used to make the carrying vessel(s) seaworthy and to secure that they were properly manned, equipped and supplied, and to make the holds and other parts of the ships in which the goods were carried safe and fit for their reception, carriage and preservation in accordance with the provisions of the United States Carriage of Goods by Sea Act, 1936 and the aforesaid bill(s) of lading.

(B) Accordingly, if the goods sustained any loss or damage while they were on board the carrying vessel(s), due to any unseaworthiness of the vessels, which is denied, defendants are not under liability therefor.

### AS AND FOR A NINTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

ELEVENTH:  Plaintiff is not a real party in interest.

### AS AND FOR AN TENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

TWELFTH:  Any damages sustained by plaintiff, as alleged in

the Verified Complaint, were caused by the negligent acts of third persons over whom defendant had and has no direction or control.

### AS AND FOR A ELEVENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

THIRTEENTH: Plaintiff has failed to mitigate its damages.

### AS AND FOR A TWELFTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

FOURTEENTH:   The forum is inconvenient and the Verified Complaint should be dismissed pursuant to the doctrine of forum non conveniens.

### AS AND FOR AN THIRTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

FIFTEENTH:   The action is founded upon improper venue and should be dismissed because plaintiff commenced an action in the High Court of Justice in London in which defendant had appeared prior to the filing of this action.

### AS AND FOR A FOURTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

SIXTEENTH:  Plaintiff has failed to bring defendant within the personal jurisdiction of the Court by reason of insufficiency of service.

### AS AND FOR A FIFTEENTH SEPARATE AFFIRMATIVE DEFENSE

SEVENTEENTH: This Answer is made without waiver of any other

jurisdictional defenses.

AS AND FOR A SIXTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

EIGHTEENTH: The *ex parte* Order for Process of Maritime Attachment was inequitably granted as defendant was and is amenable to services of process in an adjacent districts and does business in this district as its vessels regularly ply the waters of this District.

AS AND FOR A SEVENTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

NINETEENTH: The attachment should be vacated since defendant could have been found in the adjacent districts of New Jersey in Iselin and in the Eastern District of New York at Howland Hook, Staten Island.

AS AND FOR A EIGHTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

TWENTIETH: The attachment should be vacated since plaintiff has not established that it has a maritime claim against defendant.

AS AND FOR A NINETEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

TWENTY-FIRST: The attachment should be vacated as it is intended only to harass as the defendant which has been in business for many decades and has been sued and appeared in this District numerous times.

## AS AND FOR A COUNTER-CLAIM AGAINST PLAINTIFF

TWENTY-SECOND: In accordance with the Federal Rules of Civil Procedure Supplemental Rules for Certain Admiralty and Maritime claims E(7), defendant seeks counter-security from plaintiff.

TWENTY-THIRD: The claims alleged in the Verified Complaint are the subject of a lawsuit pending in the High Court of Justice in London in which the successful party may recover its attorneys' fees and costs.

TWENTY-FOURTH: Defendant has provided plaintiff with security in the amount of approximately $363,000.00 for attorneys' fees and costs alleged by plaintiff to be part of its claim even though all or most are inchoate and have not been incurred.

TWENTY-FIFTH: If plaintiff is entitled to security for attorneys' fees and costs, which is denied, then defendant is entitled to counter security in the same amount of $363,000.00 pursuant to Rule E(8).

WHEREFORE, defendant prays for judgment as set forth below:
1. That the Verified Complaint be dismissed, and that

judgment be entered in favor of defendant and granting defendant attorneys' fees and costs of arbitration;

    2. That this Court's <u>Ex Parte</u> Order for Process of Maritime Attachment be vacated or reduced and, if not vacated or reduced, then plaintiff should be ordered to post counter-security in the amount of $363,000.00, and

    3. For such other and further relief as the Court may deem just and proper.

Dated:  New York, New York
       June 2, 2008

                MAHONEY & KEANE, LLP
                Attorneys for Defendant
                COMPANIA SUD AMERICAN DE VAPORES S.A.

By:  S/S Edward A. Keane
     Edward A. Keane
     11 Hanover Square at
     76 Beaver Street
     New York, New York 10005
     (212) 385-1422
     File No.: 42/3400/B

TO:  LENNON, MURPHY & LENNON, LLC
     The Greybar Building  Suite 300
     420 Lexington Avenue
     New York, New York  10170
     (212) 354-0025